**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
KEVIN ROSS,                       :
                                  :  CIVIL ACTION NO. 03-5147 (MLC)
     Petitioner,                  :
                                  :       MEMORANDUM OPINION
     v.                           :
                                  :
UNITED STATES OF AMERICA,         :
                                  :
     Respondent.                  :
                                  :
```

**COOPER, District Judge**

This matter comes before the Court on two motions: the pro se motion of Kevin Ross ("petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; and the motion of the United States ("the government") to dismiss petitioner's motion for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The underlying criminal case in this Court was United States v. Ross, Crim. No. 02-308 (MLC), filed April 24, 2002. For the following reasons, issued without oral argument, see Fed. R. Civ. P. 78, the Court will deny petitioner's § 2255 motion, and will grant the government's motion to dismiss for failure to state a claim.[1]

---

[1] In addition to petitioner's Section 2255 motion ("Pet.") (civil dkt. no. 5), the record relevant to this petition includes: the information (crim. dkt. no. 17); waiver of indictment form (crim. dkt. no. 18); plea agreement (crim. dkt. no. 21); application for permission to enter plea of guilty (crim. dkt. no. 20); clerk's minute entry of Rule 11 plea hearing

**BACKGROUND**

Petitioner entered a plea of guilty to a charge of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2, on April 24, 2002.  He was sentenced on September 5, 2002, to a term of 57 months imprisonment and three years of supervised release.  (Jud. at 2-3.)  This Court determined the sentence by calculating petitioner's guideline range to be 70 to 87 months (based on offense level 25 and criminal history category III), then departing two offense levels for extraordinary post-arrest rehabilitative efforts.  The resulting range for imprisonment, by departure, was 57 to 71 months, and petitioner's sentence was at the bottom of that range.

The Judgment of Conviction was entered on September 16, 2002. (Crim. dkt. no. 27.)  Petitioner did not appeal, so the conviction became final ten days later, on September 26, 2002.  Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999).  On October 30, 2003, using the docket number of the criminal case, he filed a motion styled "Motion for reduction of sentence, misapplication

---

on 4-24-02 (crim. dkt. no. 19); transcript of the plea hearing held on 4-24-02 (crim. dkt. no. 25); the presentence investigation report ("PSR"); the Judgment entered 9-16-02 ("Jud.") (crim. docket no. 27); "motion for reduction of sentence, misapplication of sentencing and for rehabilitative responsibility" filed 10-30-03 (civil dkt. no. 1); Miller notice and order (civil dkt. no. 3); order granting additional 45 days to respond to Miller notice (civil dkt. no. 4); and government's motion to dismiss and answer, including brief and exhibits ("Ans.") (civil docket no. 9).

of sentencing and for rehabilitative responsibility," citing 18 U.S.C. § 3582.  The Court filed that motion on the civil docket, assigning the above-captioned docket number, Civil No. 03-5147.[2]  Upon review of the motion in chambers, the Court issued a notice to petitioner pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999).  (Civil dkt. no. 3.)  Petitioner responded promptly, but his amended pleading, although it did invoke Section 2255, was incomplete and procedurally deficient.  The Court then issued a supplemental Miller notice, by Order filed January 13, 2004.  That Order returned the deficient pleading to petitioner and extended the time another 45 days for him to make an election whether to proceed under 28 U.S.C. § 2255, and if so to file a single, complete pleading.  His completed Section 2255 motion ("Pet."), expressly invoking Section 2255, was filed on February 11, 2004.  (Civil dkt. no. 5.)

   The Court then directed respondent to answer.  On August 18, 2004, respondent filed its answer, together with a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Petitioner filed no opposition to the motion to dismiss.

---

   [2] Petitioner filed another motion challenging his sentence on that same day, October 30, 2003, which was assigned Civil Action No. 03-5148. Eventually, after petitioner got his complete § 2255 petition filed in this case, bearing Civil Action No. 03-5147, we dismissed the companion case (No. 03-5148) as a second or successive § 2255 motion.  (See Civil Action No. 03-5148, Order filed 3-30-04, dkt. entry no. 5.)

**DISCUSSION**

Under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the motion. United States v. Abbott, 975 F. Supp. 703, 705 (E.D. Pa. 1997).

We read petitioner's motion to assert three claims: (1) the Court made an error in the grouping analysis under the Sentencing Guidelines, resulting in an incorrect total offense level calculation; (2) petitioner's counsel rendered ineffective assistance in failing to object to the grouping analysis employed by the Court; and (3) petitioner should receive a post-judgment reduction of sentence based on his further rehabilitative efforts. The government opposes each claim on the merits, and moves under Rule 12(b)(6) to dismiss the petition on grounds including the statute of limitations.

We agree that this action is time-barred. The Court has also considered the substantive claims, and concludes that those claims fail to provide a basis for relief under Section 2255. This conclusion is based upon an examination of the record, which

4

reveals no issues requiring an evidentiary hearing.  See <u>United States v. McCoy</u>, 410 F.3d 124, 131-35 (3d Cir. 2005).

1.  Statute of Limitations

Section 2255 contains a one-year statute of limitations provision, quoted in the margin.[3]  While this limitations period may be subject to equitable tolling, see <u>Miller v. New Jersey</u>, 145 F.3d 616, 617-18 (3d Cir. 1998), our Court of Appeals has recognized strong federal interests supporting the time limitation, including finality and judicial efficiency, the public interest and the public reputation of judicial proceedings.  See <u>United States v. Bendolph</u>, 409 F.3d 155, 167 (3d Cir. 2005).

Respondent has moved to dismiss the petition, asserting, <u>inter alia</u>, that the petition was filed more than one year after the conviction became final, and that no other basis to extend the limitation period has been identified by petitioner.  We agree that petitioner has been given adequate notice of the timeliness issue, and we find that neither petitioner nor the record shows reason to excuse the late filing of the petition.

---

[3]  28 U.S.C. § 2255 provides in pertinent part as follows:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --
    (1) the date on which the judgment of conviction becomes final....

5

Petitioner's conviction became final on September 26, 2002. He filed his first, albeit incomplete, motion for relief from his sentence on October 30, 2003. That was more than one month after the running of the one-year time limit. We can assume that petitioner may have the benefit of several days prior to October 30, 2003, for the transmission of the petition by the prison authorities to the court under the so-called "mailbox rule." See Houston v. Lack, 487 U.S. 266 (1988). However, petitioner has supplied no information that would extend the "mailbox" time to bring this action within the one-year time period, which expired on September 26, 2003.

The issue of the statute of limitations has been timely raised by the government in its answer and motion to dismiss. The petitioner was placed on notice of this issue by means of that motion, and he has failed to take the opportunity to provide any response. Cf. United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (where court raises limitations issue sua sponte, petitioner must be afforded adequate notice and opportunity to respond). We have also searched the record, and have failed to find any basis upon which to allow equitable tolling of the limitations period. Accordingly, we hold that the petition must be dismissed as time-barred pursuant to 28 U.S.C. § 2255. We will, however, proceed to address the claims asserted in the petition, assuming arguendo that they could be deemed timely.

2.  <u>The "Grouping Error"</u>

Petitioner claims that although he admitted to having committed three bank robberies as part of his relevant conduct, only the robbery that was the offense of conviction should have been counted in calculating his offense level.  In other words, petitioner challenges the grouping calculation contained in the PSR, which was adopted by the Court at sentencing.  (<u>See</u> PSR, Ans., Ex. B.).  There was no direct appeal filed by petitioner.

A petitioner is barred from collaterally attacking the sentence pursuant to 28 U.S.C. § 2255 so far as that attack is based upon alleged errors that could have been, but were not, raised on direct appeal.  <u>See</u> <u>United States v. Frady</u>, 456 U.S. 152, 162-63 (1982); <u>United States v. Essig</u>, 10 F.3d 968, 979 (3d Cir. 1993).  To avoid the resulting procedural bar, a petitioner generally must prove "both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains," <u>Frady</u>, 456 U.S. at 168, or "actual innocence." <u>Bousley v. United States</u>, 523 U.S. 614, 623-24 (1998).  However, "[a] showing of ineffectiveness of counsel which rises to the level of a constitutional deprivation can . . . constitute the type of prejudice that will excuse procedural default." <u>United States v. Sanders</u>, 165 F.3d 248, 250 (3d Cir. 1999) (citations omitted).

The Third Circuit has clearly stated its general preference that claims of ineffective assistance be addressed in the first

7

instance by the district court under a § 2255 motion.  See, e.g., United States v. Tobin, 155 F.3d 636, 643 (3d Cir. 1998); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994); United States v. DeRewal, 10 F.3d 100, 103-04 (3d Cir. 1993).  Because petitioner also asserts ineffective assistance of counsel as to the alleged "grouping" error, we will address that subject under the next heading.

3. Ineffective Assistance of Counsel

The Sixth Amendment provides in pertinent part:  "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  A defendant has a Sixth Amendment right not just to counsel, but to "'reasonably effective assistance' of counsel." United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).  The Supreme Court in Strickland has set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.  As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner.  Virgin Islands v. Nicholas, 759 F.2d 1073, 1081 (3d Cir. 1985).

The appropriate measure of attorney performance is "reasonableness under prevailing professional norms."  Strickland, 466 U.S. at 688.  A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Id. at 690.  Courts must recognize the strong presumption that counsel has rendered adequate assistance and that all significant decisions were made in the exercise of reasonable professional judgment.  Id. at 689; see also Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999); Reese v. Fulcomer, 946 F.2d 247, 256-57 (3d Cir. 1991); United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989).  The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential."  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

The second prong of the Strickland test requires the petitioner to show that counsel's deficient performance prejudiced the defense.  Thus, "[a]n error by counsel, even if

9

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. The petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner contends that the Court should not have applied a multiple-group adjustment under USSG § 3D1.4, to enhance his total offense level. He asserts that his counsel was ineffective for failing to object to that "misapplication of the sentencing guidelines." (Pet. ¶ 13.) This claim, if established, could constitute ineffective assistance of counsel. See, e.g., Jansen v. United States, 369 F.3d 237, 243-44 (3d Cir. 2004). However, the record conclusively shows that the guideline calculation was performed properly, within the scope of the facts and stipulations entered into in the plea agreement.

The stipulations in the plea agreement provided in pertinent part:

> 4. In addition to the bank robbery described in the Information, the defendant also committed two other bank robberies:
>
>     ....
>
> 6. The government and defendant agree that under USSG § 3D1.2 each of the three bank robberies should be considered a separate count of conviction for sentencing purposes and is subject to the multiple group analysis under USSG § 3D1.4. Since the [second] bank robbery yields the highest offense level -- an

> offense level 25 -- and the other two bank robberies, which the parties agree constitute relevant conduct and counts of conviction for grouping purposes, are equally serious or from 1 to 4 levels less serious than the [second] robbery, each robbery equals one unit for a total of 3 units.  Therefore, since there are three units, Ross' offense level is increased 3 levels, to a level 28.  <u>See</u> USSG § 3D1.4.

(Ans., Ex. A, at 6.)

Those stipulations provided the factual basis for the guideline grouping calculation, adopted by this Court at sentencing, which was contained in the PSR.  (Ans., Ex. B, ¶¶ 27-60.)  The November 1, 2001 edition of the Guidelines Manual, as applicable in this case, provided for just such a grouping calculation and result based on those facts.  USSG § 3D1.4.  Accordingly, we hold that there was no misapplication of the guidelines and consequently no ineffective assistance of counsel in failing to object.

4.   <u>Motion for Reduction of Sentence</u>

Petitioner's final claim is simply not cognizable under Section 2255.  He states:  "Petitioner moves that this Court depart downward from his present sentence."  He asks that the Court find that he "meet[s] the criteria for early disposition programs."  He attaches copies of documents attesting to his post-conviction rehabilitative efforts.  (Pet.)

This claim does not raise any statutory or constitutional challenge to the sentence.  Section 2255, by its terms, is

11

limited to such a challenge.  Section 2255 does not provide the Court with jurisdiction to modify a sentence to reflect post-conviction rehabilitation efforts.  Here we note that while not within the jurisdiction of this Court, certain Bureau of Prisons programs may provide some benefits while serving the sentence.  We have also considered whether this claim may provide grounds for relief under 18 U.S.C. § 3582, which was cited by petitioner in his original pleading.  However, we likewise find that petitioner does not meet any of the conditions permitting a court to modify a sentence under that statute.

## CONCLUSION

Petitioner seeks relief pursuant to 28 U.S.C. § 2255, and the government moves to dismiss petitioner's motion.  Petitioner's motion will be denied for the reasons stated herein.  The Court having thus determined that the petition is untimely, and that the record shows conclusively that petitioner is not entitled to relief on the merits under Section 2255, we will grant the government's Rule 12(b)(6) motion.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  Cf. Fed.R.App.P. 22; Local App.R. 22.2.  A certificate of appealability is issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); United States v. Cepero, 224 F.3d 256, 267-68 (3d Cir. 2000).  For the reasons discussed

above, the petition does not assert constitutional claims that can be redressed in this Section 2255 motion.

An appropriate Order and Judgment will accompany this Memorandum Opinion.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge
